IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PROFESSIONALS DIRECT INSURANCE COMPANY, | : | |
| | : | Case No. C2:06-cv-240 |
| Plaintiff, | : | Judge Smith |
| v. | : | Magistrate Judge Abel |
| WILES, BOYLE, BURKHOLDER & BRINGARDNER CO., LPA, | : | |
| Defendant. | : | |

## Order

Plaintiff Professionals Direct Insurance Company (PDIC) brings this action for declaratory judgment against defendant Wiles, Boyle, Burkholder & Bringardner Co., LPA (Wiles), seeking a declaration by the Court that PDIC is under no duty to defend Wiles in a pending lawsuit in state court in Ohio, or to indemnify Wiles for any damages that may be awarded in that lawsuit, and that PDIC is entitled to reimbursement for its prior expenses in defense of that lawsuit. This matter is before the Court on Wiles's motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), on the grounds that the claim is unripe for adjudication (Doc. 6).

Wiles urges that claims regarding indemnity should not be adjudicated before the underlying liability has been established. PDIC counters that the claim also relates to the legal services it is providing for Wiles, and that a declaratory action seeking a judgment that neither legal services nor indemnification is required under the contract is ripe for adjudication when the legal services are currently being provided.

For the reasons stated below, the Magistrate Judge recommends that Wiles's motion to dismiss be denied. The claim for declaratory judgment is ripe for adjudication.

**Background**

PDIC is a national insurance company that provides professional liability/malpractice insurance to law firms. (Complaint ¶ 6). Wiles is a law firm to whom PDIC provided such insurance, in two separate one-year policies, between November 15, 2002, and November 15, 2004. (Complaint ¶¶ 6, 20). The Wiles firm was defense counsel for another insurance company in litigation that began before the period of Wiles's insurance coverage under the PDIC policies, and ended on August 18, 2004. (Complaint ¶¶ 8-17, 22). This litigation included a trial, two post-trial motions, an appeal of the final judgment, and an appeal to the Ohio Supreme Court over whether the deadline for filing the first appeal was missed. *Id.* On August 18, 2004, the Ohio Supreme Court held that Wiles's client had missed the deadline for filing the first appeal. *Id.* Before the second policy had expired, Wiles's client accused Wiles of committing legal malpractice with respect to the claim and made demands for payment to settle the dispute. (Complaint ¶¶ 25-26). PDIC now claims that it need not defend Wiles or indemnify them, because Wiles failed to inform it of the probable claim when renewing its policy. (Complaint ¶¶ 33-42).

**Standard of Review**

The federal courts have limited jurisdiction. *Aldinger v. Howard*, 427 U.S. 1, 15 (1976). A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) is granted only if it appears that the plaintiff can prove no set of facts which entitle it to relief in the federal courts. *See United States ex rel. McKenzie v. BellSouth Telecom.*, 123 F.3d 935, 938 (6th Cir. 1997). All factual

allegations in the complaint are accepted as true and construed in the light most favorable to the plaintiff. *Id.* However, the plaintiff has the burden of establishing jurisdiction. *Id.*

**Ripeness**

In determining whether a controversy is ripe for review, the Court applies a three-factor balancing test. The Court considers (1) the likelihood that the alleged harm will come to pass, (2) whether the factual record is sufficiently developed to produce a fair adjudication on the merits, and (3) the hardship to the parties if judgment is withheld until after the harm occurs. *U.S. Postal Carriers v. Nat'l Ass'n of Letter Carriers*, 330 F.3d 747 (6th Cir. 2003). Applying these factors, the Court finds that this controversy is ripe for review. PDIC is already providing legal representation to Wiles, which it wishes not to do, so at least some of the harm is already taking place. In addition, the Court is in no position to adjudge the likelihood that a different lawsuit will be decided in favor of one party or another, so the likelihood that indemnification will come to pass is indeterminable at the present time. Also, the factual record as regards the controversy between Wiles and PDIC is as developed as it will ever be. Finally, the hardship on PDIC of failing to rule on this matter now would be substantial: it would continue to pay legal fees for Wiles, and it would be forced to account for the fact that it may be required to pay a large judgment on Wiles's behalf at some point.

**Justiciable Controversy**

The Court is requested in this case to exercise jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), which states that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." The exercise of this power is at the discretion of the Court, *Public Affairs Press v. Rickover*, 369 U.S. 111, 112 (1962), and on appeal such

decisions will be reviewed for abuse of discretion. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289-90 (1995).

In determining whether to exercise its power under the Declaratory Judgment Act, the Court considers five factors: (1) the extent to which the judgment would settle the controversy, (2) the extent to which judgment would be useful in clarifying the legal relations at issue, (3) whether declaratory judgment is being used as mere "procedural fencing" or "to provide an arena for a race for res judicata" (4) whether judgment would increase the friction between federal and state courts and improperly encroach on state court jurisdiction, and (5) whether there is a better or more effective state court remedy. *Allstate Ins. Co. v. Mercier*, 913 F.2d 273, 277 (6th Cir. 1990).

With respect to the first factor, declaratory judgment would not settle the legal malpractice dispute, but that is not the dispute at issue. Declaratory judgment would settle any possible disputes between PDIC and Wiles over both indemnification and representation. *See Northland Ins. Co. v. Stewart Title Guaranty Co.*, 327 F.3d 448, 454 (6th Cir. 2003); *see also Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000). Wiles cites *Mercier*, 913 F.2d at 276-77, which does seem to interpret this first factor as referring to the underlying tort lawsuit, but to the extent that it does, it is taken as overruled by *Northland* and *Roumph*.

The second factor also weighs in favor of adjudicating the declaratory judgment. Deciding the issues of the duty to indemnify and the duty to defend will surely clarify the legal relations between the parties. *See Northland*, 327 F.3d at 454; *see also Roumph*, 211 F.3d at 968.

There is no indication that PDIC is using this proceeding as any sort of "fencing" or "race to the courthouse." Indeed, there does not seem to be any action for declaratory judgment filed in

the state court by either party, so we must presume the PDIC merely wants to clarify their rights. Thus, the third factor also weighs in favor of adjudication.

The fourth factor, the degree to which friction is created with state courts, entails its own three-part test: (1) whether the factual issues of the underlying case are important to resolution of the issue at hand, (2) whether the state trial court is in any better position to evaluate these issues than the federal court, and (3) whether there is a "close nexus" between the issue at hand and state law and public policy. *Northland*, 327 F.3d at 454. The factual issues of the underlying tort have somewhat of a bearing on whether anyone at Wiles knew of "specific circumstances . . . which could reasonably be expected to result in a claim." (Complaint ¶ 21). However, the relevant factual issues have more to do with the relationship between Wiles and Illinois National (when should Wiles have known that Illinois National meant to sue them?) than with the handling of the original case that gave rise to the malpractice claim. On the other hand, the state trial court may indeed be in a better position to evaluate the dealings between Wiles and Illinois National that would be material with regard to this declaratory action. Finally, the issue here is one of state law, but there is no indication that the Court would have any more difficulty interpreting and applying Ohio law than in the average case adjudicated pursuant to diversity jurisdiction.

As for the fifth and final factor, PDIC is free to file an action for declaratory relief in state court, but there is no indication that this remedy would necessarily be better or more effective.

Balancing these factors, it appears that it would be entirely within the Court's reasonable discretion to decide this case at the present time, and there is no substantial reason that this Court should decline to exercise this discretion.

5

For the reasons set out above, the Court DENIES defendant's June 19, 2006, motion to dismiss (doc. # 6).

    /S/ George C. Smith
George C. Smith
United States District Judge