UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Professionals Direct
Insurance Company,**

      **Plaintiff,**

**-V-**         **Case No. 2:06-CV- 240**
       **JUDGE SMITH**
       **Magistrate Judge Abel**

**Wiles, Boyle, Burkholder &
Bringardner Co., LPA,**

      **Defendant.**

## ORDER

Plaintiff Professionals Direct Insurance Company ("PDIC") brings this action for declaratory judgment against Defendant Wiles, Boyle, Burkholder & Bringardner Co., LPA ("Wiles"), seeking a declaration by the Court that PDIC is under no duty to defend Wiles in a pending lawsuit in state court in Ohio, or to indemnify Wiles for any damages that may be awarded in that lawsuit, and that PDIC is entitled to reimbursement for its prior expenses in defense of that lawsuit. Wiles has answered PDIC's complaint and counterclaimed for breach of contract and bad faith relating to PDIC's actions pursuant to a professional responsibility insurance policy PDIC issued to Wiles. This matter is before the Court on PDIC's Motion to Dismiss Wiles's counterclaims under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. 20). PDIC asserts that neither Wiles's breach of contract claim, nor its claim of bad faith is ripe for adjudication. For the reasons stated below, this Court **DENIES** Plaintiff PDIC's motion to dismiss Wiles's counterclaims.

# I.  FACTS

PDIC is a national insurance company that provides professional liability/malpractice insurance to law firms. (Compl. ¶ 6). Wiles is a law firm to whom PDIC provided such insurance, in two separate one-year policies, between November 15, 2002, and November 15, 2004. (Compl. ¶¶ 6, 20). The Wiles Firm was defense counsel for another insurance company in litigation that began before the period of Wiles's insurance coverage under the PDIC policies, and ended on August 18, 2004. (Compl. ¶¶ 8-17, 22). This litigation included a trial, two post-trial motions, an appeal of the final judgment, and an appeal to the Ohio Supreme Court over whether the deadline for filing the first appeal was missed. *Id.* On August 18, 2004, the Ohio Supreme Court held that Wiles's client had missed the deadline for filing the first appeal. *Id.* Before the second policy had expired, Wiles's client accused Wiles of committing legal malpractice with respect to the claim and made demands for payment to settle the dispute. (Compl. ¶¶ 25-26). PDIC now claims that it need not defend Wiles or indemnify them, because Wiles failed to inform PDIC of the probable claim when renewing its policy. (Compl. ¶¶ 33-42).

# II.  STANDARD OF REVIEW

Plaintiff PDIC has moved to dismiss Defendant Wiles' counterclaims pursuant to Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (Pl's. Mot. to Dis. Countercl. at 4, Doc. 20). The bulk of Plaintiff's motion, however, is devoted to a discussion of ripeness, specifically that the Defendant's bad faith and breach of contract claims are not ripe for adjudication. (Pl.'s Mot. to Dis. at 6-9). Though there may be some overlap of the inquiries for ripeness and failure to state a claim, ripeness typically relates to a Rule 12(b)(1) challenge to the court's subject matter jurisdiction. *Bateman v. City of West Bountiful*, 89 F.3d 704, 706 (10th

Cir. 1996) (*citing New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1498-99 (10th Cir. 1995)). Accordingly, this Court will evaluate Plaintiff PDIC's motion to dismiss under the 12(b)(1) standard.

The Supreme Court has characterized the ripeness inquiry as an inquiry into "whether the harm asserted has matured sufficiently to warrant judicial intervention." *Warth v. Seldin*, 422 U.S. 490, 499 n.10 (1975). In determining whether a controversy is ripe for review, a three-factor balancing test is applied. The Court shall consider the following: (1) the likelihood that the alleged harm will come to pass; (2) whether the factual record is sufficiently developed to produce a fair adjudication on the merits; and (3) the hardship to the parties if judgment is withheld until after the harm occurs. *U.S. Postal Carriers v. Nat'l Ass'n of Letter Carriers*, 330 F.3d 747, 751 (6th Cir. 2003) (*citing Peoples Rights Org., Inc. v. City of Columbus*, 152 F.3d 522, 527 (6th Cir. 1998)).

## IV. DISCUSSION

This Court finds that Defendant Wiles' bad faith and breach of contract claims are ripe for review, and its counterclaims should be heard along with PDIC's complaint. First, Wiles has suffered some harm in the form of legal fees incurred in defending itself in the instant case. Wiles alleges that it has incurred these fees as a direct result of PDIC's dilatory handling of the claim by Illinois National. (Def. Memo in Opp. at 4). Second, the factual record regarding the insurance policies, timing of the claims, and interactions between PDIC and Wiles is as developed as it will ever get. Answers to any remaining questions regarding the factual record will be revealed in the course of the proceedings in the instant case. Third, declining to hear Wiles' counterclaim in this proceeding could result in significant hardship for Wiles, in the form

of a ten million dollar judgment if Wiles is found liable in the underlying case. In addition, both parties would suffer the hardship of another proceeding at the conclusion of the instant one.

Finally, the interests of judicial economy favor hearing Wiles' counterclaim. The Sixth Circuit has noted that when "the claim and the counterclaim will raise many similar factual issues . . . judicial economy will be served by the resolution of the entire controversy in one forum." *Taylor Novelty, Inc., v. City of Taylor*, 816 F.2d 682 (6th Cir. 1987). That is exactly the situation here. Wiles' counterclaim for breach of contract and bad faith, like Plantiff PDIC's request for declaratory judgment, is based on the professional responsibility insurance policy and both parties' duties under that agreement. Given that both claims involve similar factual issues, this Court believes it is more efficient to hear Wiles' counterclaim along with PDIC's complaint.

### III.  CONCLUSION

For all of the foregoing reasons, the Court **DENIES** Plaintiff PDIC's Motion to Dismiss Defendant Wiles' counterclaims.

The Clerk shall remove Document 20 from the Court's pending motions list.

**IT IS SO ORDERED.**

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**