UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Professionals Direct
Insurance Company,**

      **Plaintiff,**

**-V-**                                             **Case No. 2:06-CV-240
JUDGE SMITH
Magistrate Judge Abel**

**Wiles, Boyle, Burkholder &
Bringardner Co., LPA,**

      **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Reconsideration of this Court's November 8, 2007 Opinion and Order denying Plaintiff's Motion to Dismiss Defendant Wiles' counterclaims (Doc. 37).  For the reasons that follow, the Court **DENIES** Plaintiff's Motion for Reconsideration.

A motion for reconsideration pursuant to Rule 59(e) is designed only to "correct manifest errors of law or fact or to present newly discovered evidence."  *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997); *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert denied*, 476 U.S. 1171 (1986).  As such, a Rule 59(e) motion may be made for only one of three reasons: (1) an intervening change in the controlling law has occurred, (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice.  *See Berridge v. Heiser*, 993 F.Supp. 1126, 1146-1147 (S.D. Ohio 1998) (*citing Firestone v. Firestone*, 316 U.S. App. D.C. 152 (D.C. Cir. 1996)).

A motion for reconsideration is not a vehicle to reargue the case or to present evidence which should have been raised in connection with an earlier motion. *See Database America v. Bellsouth Advertising & Publishing*, 825 F.Supp. 1216, 1219-20 (D.N.J. 1993); 11 Charles Alan Wright, Arthur Miller and Mary Kay Kane, *Federal Practice and Procedure,* § 2810.1 (2d ed.1995) (opining that motions to alter or amend judgment cannot be used "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment."). "[A] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." *In re Christie*, 222 B.R. 64, 66 (Bankr. D.N.J.1998) (*citing Database*, 825 F.Supp. at 1220). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'" *Database*, 825 F.Supp. at 1220.

Nor is a motion for reconsideration properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F.Supp. 1109, 1122 (E.D. Pa.1993). When a motion for reconsideration raises only a disagreement by a party with a decision of the court, that dispute "should be dealt with in the normal appellate process, not on a motion for reargument." *Database*, 825 F.Supp. at 1220.

After reviewing Plaintiff's Motion for Reconsideration, the Court finds that it does not meet any of the stringent requirements for reversal under Fed. R. Civ. P. 59(e). Plaintiff is merely trying to reargue the record or put a different spin on the same arguments.

Finally, the interests of judicial economy favor hearing Wiles' counterclaim. The Sixth Circuit has noted that when "the claim and the counterclaim will raise many similar factual

issues . . . judicial economy will be served by the resolution of the entire controversy in one forum." *Taylor Novelty, Inc., v. City of Taylor*, 816 F.2d 682 (6th Cir. 1987). That is exactly the situation here. Wiles' counterclaim for breach of contract and bad faith, like Plantiff PDIC's request for declaratory judgment, is based on the professional responsibility insurance policy and both parties' duties under that agreement. Given that both claims involve similar factual issues, this Court believes it is more efficient to hear Wiles' counterclaim along with PDIC's complaint.

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Reconsideration of this Court's November 8, 2007 Opinion and Order denying Plaintiff's Motion to Dismiss Defendant Wiles' counterclaims.

The Clerk shall remove Document 37 from the Court's pending motions list.

**IT IS SO ORDERED.**

 */s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**