# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**Professionals Direct Insurance Co.,**

    Plaintiff,

-V-                                                                       Case No.: 2:06-cv-240
                                                                           JUDGE SMITH
                                                                           Magistrate Judge Abel

**Wiles, Boyle, Burkholder &**
**Bringardner Co., LPA,**

    Defendant.

## ORDER

This matter is before the Court on Plaintiff Professional Direct Insurance Company's Objections to the Magistrate Judge's Discovery Order (Doc. 61) and Plaintiff's Combined Motion to Bifurcate the Declaratory Judgment Action from Defendant's Bad Faith Counterclaim and Motion to Stay the Production of Documents pursuant to the Court's April 11, 2008 Discovery Order pending Resolution of the Objection to that Discovery Order and the Motion to Bifurcate (Doc. 62). Defendant has filed responses to Plaintiff's motions and they are now ripe for review. For the reasons that follow, the Court **OVERRULES** Plaintiff's objections and **DENIES** Plaintiff's Motion to Bifurcate.

## I.  BACKGROUND

Plaintiff Professionals Direct Insurance Company ("PDIC") brings this action for declaratory judgment against Defendant Wiles, Boyle, Burkholder & Bringardner Co., LPA ("Wiles"), seeking a declaration by the Court that PDIC is under no duty to defend Wiles in a

pending lawsuit in state court in Ohio, or to indemnify Wiles for any damages that may be awarded in that lawsuit, and that PDIC is entitled to reimbursement for its prior expenses in defense of that lawsuit. Wiles has answered PDIC's complaint and counterclaimed for breach of contract and bad faith relating to PDIC's actions pursuant to a professional responsibility insurance policy PDIC issued to Wiles.[1]

PDIC is a national insurance company that provides professional liability/malpractice insurance to law firms. Wiles is a law firm to whom PDIC provided such insurance, in two separate one-year policies, between November 15, 2002, and November 15, 2004. The Wiles Firm was defense counsel for another insurance company in litigation that began before the period of Wiles's insurance coverage under the PDIC policies, and ended on August 18, 2004. This litigation included a trial, two post-trial motions, an appeal of the final judgment, and an appeal to the Ohio Supreme Court over whether the deadline for filing the first appeal was missed. On August 18, 2004, the Ohio Supreme Court held that Wiles's client had missed the deadline for filing the first appeal. Before the second policy had expired, Wiles's client accused Wiles of committing legal malpractice with respect to the claim and made demands for payment to settle the dispute. PDIC now claims that it need not defend Wiles or indemnify them, because Wiles failed to inform PDIC of the probable claim when renewing its policy.

## II.    OBJECTIONS TO THE DISCOVERY ORDER

---

[1] Plaintiff PDIC previously filed a Motion to Dismiss Wiles's counterclaims, asserting that neither Wiles's breach of contract nor its bad faith claims were ripe for adjudication (Doc. 20). The Court denied Plaintiff's Motion to Dismiss (Doc. 33).

Plaintiff PDIC has filed objections to the Magistrate Judge's April 11, 2008 Discovery Order pursuant to Rule 72(a) of the Federal Rules of Civil Procedure. Plaintiff raises three specific objections:

- The Discovery Order incorrectly applied Federal Civil Rule 26(b)(3) and (4) (the federal work-product doctrine) to the subject documents. Specifically, the Discovery Order failed to protect several documents created by PDIC and/or its representatives that were prepared in anticipation of litigation. The fact that many of these documents were created both in anticipation of litigation and for an ordinary business purpose does not destroy the work-product protection.

- The Discovery Order incorrectly applied *Boone v. Vanliner Ins. Co.* (2001), 91 Ohio St.3d 209, to the in camera document review. Specifically, *Boone*, and the numerous other cases cited by PDIC in its supporting memoranda, provide that the Court must review the specifics of the bad faith claim <u>as alleged by the Wiles Firm</u> in order to determine whether, in light of those alleged claims, any of the potentially relevant documents "cast light" on that bad faith claim. The Discovery Order failed to do this, instead deciding that all attorney-client communications regarding coverage, that fell before the created "coverage denial date," were discoverable.

- The Discovery Order incorrectly found that O.R.C. 2317.02(A)(2) does not apply to documents containing attorney-client communications sought during the course of discovery.

(Pl.'s Objections at 1-2) (emphasis in original).

Defendant has responded to Plaintiff's objections and argues that the Magistrate's Discovery Order is not clearly erroneous or contrary to law.

The Court should only modify or set aside a discovery order if the order is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). "The 'clearly erroneous' standard applies only to factual findings made by the Magistrate Judge, while . . . legal conclusions are reviewed under the more lenient 'contrary to law' standard." *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992).

3

The Court has reviewed the Magistrate Judge's Discovery Order in light of Plaintiff's Objections, and finds that the Magistrate Judge's Discovery Order is neither clearly erroneous, nor contrary to the law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. 72(a). The Court therefore **AFFIRMS** the Magistrate Judge's April 11, 2008 Discovery Order. Plaintiff's objections to the Discovery Order are **OVERRULED**.

### III. MOTION TO BIFURCATE

For the third time, Plaintiff PDIC requests the Court bifurcate Defendant's bad faith claim. Plaintiff previously filed a Motion to Dismiss Defendant's bad faith and breach of contract counterclaims and argued that the counterclaims were not ripe, essentially seeking to bifurcate its claims from Defendant's counterclaims. When that motion was denied, Plaintiff filed a motion for reconsideration of that order, again asserting that the counterclaims were not ripe. In response to both of Plaintiff's motions, the Court found that Defendant Wiles' bad faith and breach of contract counterclaims are ripe for review, and should be heard along with PDIC's declaratory judgment action.

It appears that Plaintiff is merely trying to assert the same arguments in this motion. Nonethelesss, this time, Plaintiff directly requests that this Court bifurcate the bad faith claim, therefore, the Court will again address Plaintiff's request.

Rule 42(b) of the Federal Rules of Civil Procedure authorizes a court to "bifurcate a trial in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." Bifurcation is the exception to the general rule that disputes should be resolved in a single proceeding. *See, e.g., Monaghan v. SZS 33 Assocs.*, L.P., 827 F. Supp.

233, 246 (S.D.N.Y. 1993); *Lis v. Robert Packer Hosp.*, 579 F.2d 819, 824 (3d Cir. 1978). A decision on bifurcation should be grounded in the facts and circumstances of each case. *See Saxio v. Titan-C-Mtg, Inc.*, 86 F.3d 553, 556 (6th Cir. 1996). The ultimate decision to grant or deny bifurcation is left to the sound discretion of the trial court. *Id.* In determining whether separate trials are appropriate, the court should consider several facts, including "the potential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and economy." *Wilson v. Morgan*, 477 F.3d 326, 329 (6th Cir. 2007) (*quoting Martin v. Heideman*, 106 F.3d 1308, 1311 (6th Cir. 1997)). Federal courts have long adhered to the rule that bifurcation should be ordered only is exceptional cases because "[t]he piecemeal trial of separate issues in a single lawsuit or the repetitive trial of the same issue in severed claims is not to be the usual course." Wright & Miller, *Federal Practice and Procedure* § 2388, at 474 (2nd Ed. 1999); *see also Home Elevators, Inc. v. Millar Elevator Service Co.*, 933 F. Supp. 1090, 1091 (N.D. Ga. 1996).

Plaintiff relies on *Boone v. Vanliner Ins. Co.*, 91 Ohio St.3d 209 (2001) and *Garg v. State Auto Mut. Ins. Co.*, 155 Ohio App.3d 258 (2003), in support of its argument that this Court should bifurcate the coverage claims at issue in this case from the Defendant's bad faith counterclaim and stay any discovery on the bad faith claim until the coverage claims are resolved. (Pl.'s Mot. at 3-7). Plaintiff asserts that they will be prejudiced if the claims are not bifurcated. Specifically, Plaintiff asserts that if it required to produce the documents at issue in the Discovery Order it will prejudice their efforts to prosecute its declaratory judgment claim and defend against the Defendant's breach of contract claim. Plaintiff further argues that "[r]equiring the production of these documents at this time would be equivalent to opening up

5

PDIC's coverage litigation playbook, while the coverage aspect of this case is still pending." (Pl.'s Mot. at 7). Plaintiff's primary concern is therefore based on litigation strategy and not wanting to disclose information that appears to be completely relevant to the claims at issue in the case. Plaintiff has not presented any evidence, or even argument that bifurcation would be more convenient and would expedite the claims.

Defendant argues and the Court agrees that *Boone* does not require bifurcation as Plaintiff contends. Rather, the *Boone* court simply recognizes that if the trial court finds the release of certain information may be prejudicial, it may stay the bad faith claim and related production of documents. It is not required as illustrated by the following cases in which bifurcation was denied. *See Athey v. Farmers Ins. Exchange*, 234 F.3d 357, 361-62 (8th Cir. 2000) (affirming denial of motion to bifurcate bad-faith claim because insurer "had not shown that [the insured's] access to its claim files prejudiced its case"); *Light v. Allstate Ins. Co.*, 182 F.R.D. 210, 213 (S.D. W.Va. 1998) (refusing to bifurcate bad-faith claim from the coverage claim); *Nathanson v. Aetna Cas. & Sur. Co.*, 2001 WL 1392165, at *1 (E.D. Pa. 2001) (denying insurer's motion to bifurcate bad-faith claim from the contract claim).

The Court therefore finds that Plaintiff has not demonstrated that it will be unfairly prejudiced by producing the documents and proceeding with the claims all at once. The Court, however, finds that bifurcating the bad-faith claim, which may result in two separate trials could result in a significant hardship to both parties. The Court finds that the interests of judicial economy favor hearing Wiles' counterclaim along with the underlying claims in this case. The Sixth Circuit has noted that when "the claim and the counterclaim will raise many similar factual issues . . . judicial economy will be served by the resolution of the entire controversy in one

6

forum." *Taylor Novelty, Inc. v. City of Taylor*, 816 F.2d 682 (6th Cir. 1987). That is exactly the situation here. Wiles' counterclaim for breach of contract and bad faith, like Plaintiff PDIC's request for declaratory judgment, are all based on the professional responsibility insurance policy and both parties' duties under that agreement. Given that both claims involve similar factual issues, this Court believes it is more efficient to hear Wiles' counterclaim along with PDIC's Complaint.

### IV. CONCLUSION

For all of the foregoing reasons, the Court **OVERRULES** Plaintiff's Objections to the Magistrate Judge's Discovery Order and **DENIES** Plaintiff PDIC's Motion to Bifurcate. Plaintiff's Motion to Stay is therefore rendered moot as the stay was only sought until the Court ruled on the aforementioned two motions.

The Clerk shall remove Documents 61 and 62 from the Court's pending motions list.

**IT IS SO ORDERED.**

> */s/ George C. Smith*
> **GEORGE C. SMITH, JUDGE**
> **UNITED STATES DISTRICT COURT**