IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

PROFESSIONALS DIRECT            :
INSURANCE COMPANY,
                                :    Civil Action 2:06-cv-240
            Plaintiff,
                                :    Judge Smith
    v.
                                :    Magistrate Judge Abel
WILES, BOYLE, BURKHOLDER
& BRINGARDNER CO., LPA,         :

            Defendant.

## ORDER

This matter is before the Court pursuant to Plaintiff's motion to stay the production of documents pursuant to the Court's orders of April 11, 2008 and October 27, 2008, pending the resolution of its petition for writ of mandamus to the United States Court of Appeals for the Sixth Circuit. (Doc. 84.) For the reasons set forth herein, the motion is **DENIED**.

On April 11, 2008, the Magistrate Judge issued a discovery order requiring that, notwithstanding claims of privilege, Plaintiff produce documents in its claim file relating to the insurance claim underlying this dispute. The Magistrate Judge specifically found that *Boone v. Vanliner Ins. Co.*, 91 Ohio St.3d 209 (2001) was applicable to this issue. (Doc. 59). On April 25, 2008, Plaintiff filed objections to this order. (Doc. 61). On May 16, 2008, Plaintiff filed a motion to certify the question at issue to the Ohio Supreme Court; this was denied on August 25, 2008.

1

(Docs. 71, 82).  On October 27, 2008, this Court issued an order overruling Plaintiff's objections to the Magistrate Judge's discovery order.  (Doc. 83).  On November 3, 2008, Plaintiff filed the instant motion to stay.  (Doc. 84).  On the same day, Plaintiff filed a petition for writ of mandamus to the Court of Appeals.  (Doc. 85).

In this motion, Plaintiff asks that the Court stay, pending its appeal, the Order of the Magistrate Judge ordering the production of certain documents which, it claims, are subject to attorney-client privilege.  It claims that, absent the stay, it will be irreparably injured by the disclosure of the disputed documents.  As Plaintiff notes, the party requesting a stay of production must show:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
> (2) whether the applicant will be irreparably injured absent a stay;
> (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding;
> (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

Certainly Plaintiff's contention that its documents are privileged is not so quixotic that it is very unlikely to succeed on the merits.  However, the relief sought on appeal is extraordinary.  In *U.S. ex rel. Pogue v. Diabetes Treatment Centers of America, Inc.*, 444 F.3d 462 (6th Cir. 2006) the Sixth Circuit Court of Appeals examined the use of the writ of mandamus in discovery disputes.  The *Pogue* Court recognized that mandamus was available as a "means of immediate appellate review of orders compelling the disclosure of documents and information claimed to

2

be protected from disclosure by privilege or other interests in confidentiality." *Id.* at 472, quoting *In re Perrigo Co.*, 128 F.3d 430, 436 (6th Cir. 1997). However, it noted, quoting the U. S. Supreme Court's decision in *Kerr v. United States Dist. Ct. For N. Dist. of Cal.*, 426 U.S. 394, 402 (1976), that the "remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Id.* at 472. It further advised that "mandamus relief is properly limited to 'questions of unusual importance necessary to the economical and efficient administration of justice,' or 'important issues of first impression.'" Id. at 473, *quoting Perrigo*, 128 F.3d at 435.

The Court of Appeals does not always reject mandamus in cases involving the scope of attorney-client privilege. *See, e.g., In re Lott*, 424 F.3d 446 (6th Cir. 2005).[1] Nevertheless, where, as here, a well-developed body of state law exists applying to the dispute at issue (*i.e. Boone* and its progeny), the Court concludes that Plaintiff is unlikely to obtain a writ of mandamus. Plaintiff's petition does not appear to involve a question of unusual importance necessary to the economical and efficient administration of justice, or an important issue of first impression.

Furthermore, Plaintiff has not made a strong showing that it is likely to succeed on the merits. Although it asserts attorney-client privilege, any documents ordered to be produced which were prepared by an attorney or sent to an attorney were prepared as part of Plaintiff's business of insurance. None are attorney work

---

[1]The *Pogue* court, however, characterized *Lott* as centering around an extraordinary situation and an issue of first impression. *Pogue*, 444 F.3d at fn 6.

product; none were prepared or communicated in anticipation of litigation.

Nor is the Court convinced that Plaintiff will suffer irreparable injury absent a stay. If mandamus should be granted, and some or all of the documents at issue deemed privileged, they will be excluded from evidence. Moreover, Plaintiff's concerns about the leaking of sensitive documents can be addressed by restricting access to the document to Defendant's attorney until the mandamus petition is acted on by the Sixth Circuit and by a protective order.

Issuance of a stay in this case would not substantially injure the other parties interested in this proceeding. However, it is noteworthy that this case was filed in March 2006, and in a few months it will be three years old. It is important that the parties complete discovery promptly on the issue of the bad faith claim, so that this case can go to trial after the resolution of the pending summary judgment motions.

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion (Doc. 84) to stay the discovery orders in this case pending the resolution of Plaintiff's petition for writ of mandamus.

**IT IS SO ORDERED.**

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**